RULEY, JUDGE:
Sometime prior to 1978, officials at the West Virginia University Medical Center decided to renovate its cafeteria facility. Margaret Abbott, director of the Department of Dietetics, was appointed to recommend equipment for the remodeling. She sought the advice of James Milleville, a representative of several food equipment manufacturers, and A1 Ruff, a consultant in food equipment layout. They drew up specifications for the equipment, which were part of the Request for Quotations. Claimant’s bid was accepted, and a contract was signed in July 1978. One piece of equipment to be furnished under the terms of the contract was a salad and dessert carrousel. The Request for Quotations listed certain requirements for the carrousel and provided as follows:
“Carrousel unit to be Model No. 1652, as manufactured by SMS Division of Metalers Corp., St. Paul, Minn.
Or: Equal.”
The claimant furnished the carrousel from the Metalers Corp., but the equipment did not conform to all the requirements dictated by the contract. Respondent canceled that portion of the contract which involved the carrousel, and claimant seeks to recover the $31,051.00 contract price from respondent.
The carrousel was required to have two revolving shelves. The upper shelf was to be non-refrigerated, the lower refrigerated to 40°F, in order to comply with national and state standards. After installation, it was discovered that the *504 carrousel would not refrigerate to 40 °F, and attempts to correct the defect failed. Metalers Corp. filed for bankruptcy after supplying the carrousel. Claimant contends that since respondent provided the specifications for the equipment, respondent impliedly warranted that the named machine would meet the specifications. Claimant further alleges that since a specific machine was listed, an “equal” machine could not be supplied, and even if one were provided, that in order to be an “equal” machine with Metalers’, it, too, would not cool to 40°F. Therefore, claimant concludes, the fault lay with the specifications and respondent should bear the cost of the machine.
While the Court has considerable sympathy for the claimant, the Court cannot agree with its contention. Liability for the faulty machine is with its manufacturer, a company now in bankruptcy. Since recovery from Metalers Corp. may be precluded, the question then becomes, as between claimant and respondent, who should bear the cost of the machine. The contract specifications are clear. Claimant was to furnish a machine which would refrigerate to 40°F. It did not do that. As the supplier of goods, claimant is under an obligation to ascertain whether the goods will conform to the specifications in the contract. Since the machine would not refrigerate to 40°F, it failed to meet respondent’s requirements, as well as standards established on the state and national levels. Provision 8 of the Terms and Conditions of the Contract state:
“8. The State of West Virginia may reject, revoke, or cancel this agreement or any part thereof, and, . . . shall have the right to recover any and all damages sustained as a result of the vendor’s failure to perform, in whole or in part, the terms and conditions of this agreement. The State may withhold from any remittance due the vendor under the terms and conditions of this agreement an amount equal to the damages sustained by such failure of performance on the part of the vendor.”
Respondent provided notice to claimant of its intent to cancel the carrousel for failure to perform to specifications and to *505 withhold payment. In view of these circumstances, the claim must be denied.
Claim disallowed.